# EXHIBIT A

1  Ronald Yoosefian, Esq. (SBN 270215)
2  Davit Hovsepyan, Esq. (SBN 357797)
   **YOOSEFIAN LAW FIRM, P.C.**
3  135 South Jackson Street, Suite 203
   Glendale, California 91205
4  Telephone: (818) 275-1529
   Facsimile: (818) 275-1747
5
6  Serop Agadzhanyan, Esq. (SBN 315066)
   **THE AGADZHANYAN FIRM, P.C.**
7  450 North Brand Boulevard, Floor 6
   Glendale, California 91203
8  Telephone: (213) 295-5555
   Facsimile: (866) 323-3444
9

**Electronically FILED by
Superior Court of California,
County of Los Angeles
4/08/2025 11:28 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk**

10 *Attorneys for Plaintiff,*
   JANE DOE

11            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                     **COUNTY OF LOS ANGELES**

13

14 **JANE DOE**, an individual,              | Case No.:   **25STCV10344**

15            Plaintiff,                       | **COMPLAINT FOR DAMAGES FOR:**

16 v.                                          | 1.  FAILURE TO PROVIDE MEAL
                                                    BREAKS;
17
   **ABM INDUSTRY GROUP LLC,** a             | 2.  FAILURE TO PROVIDE REST
18 Delaware Limited Liability Company;            BREAKS;
   **ABM INDUSTRIES**
19 **INCORPORATED,** a Delaware             | 3.  FAILURE TO PAY WAGES;
   Corporation; **DIAM FRANCO**
20 **DILEYVA,** an individual; **GABRIEL**  | 4.  FAILURE TO PAY OVERTIME;
   **ZAMORAN,** an individual; **LISA**
21 **DOE,** an individual; and **DOES 1**   | 5.  FAILURE TO PROVIDE RECORDS
   **through 50, inclusive,**
22                                            | 6.  VIOLATION OF BUSINESS &
            Defendants.                            PROFESSIONS CODE §17200-17208;
23
                                              | 7.  SEXUAL HARASSMENT IN
24                                                 VIOLATION OF FEHA;
25
                                              | 8.  HARASSMENT/HOSTILE WORK
26                                                 ENVIRONMENT IN VIOLATION OF
                                                   FEHA (GENDER/SEX, OTHER);
27
                                              | 9.  DISCRIMINATION IN VIOLATION OF
28                                                 FEHA (GENDER/SEX, OTHER);

*(left margin, vertical)* YOOSEFIAN LAW FIRM, P.C. 135 South Jackson Street, Suite 203 GLENDALE, CALIFORNIA 91205

1
**COMPLAINT FOR DAMAGES**

10. FAILURE TO TAKE ALL STEPS TO PREVENT UNLAWFUL DISCRIMINATION AND HARASSMENT IN VIOLATION OF FEHA;

11. SEXUAL BATTERY IN VIOLATION OF CAL. CIV. CODE § 1708.5;

12. ASSAULT;

13. GENDER VIOLENCE IN VIOLATION OF CAL. CIV. CODE § 52.4;

**DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, **JANE DOE** ("Plaintiff") and for Plaintiff's causes of action against Defendants, **ABM INDUSTRY GROUP LLC**, a Delaware Limited Liability Company; **ABM INDUSTRIES INCORPORATED,** a Delaware Corporation; **DIAM FRANCO DILEYVA,** an individual; **GABRIEL ZAMORAN,** an individual; **LISA DOE,** an individual;  and **DOES 1 through 50, inclusive,** states as follows:

<u>**IDENTIFICATION OF PARTIES**</u>

1. At all relevant times Plaintiff, **JANE DOE**, was and is an individual who resides in State of California, County of Los Angeles.

2. Plaintiff files this action under a pseudonym as she is a victim of assault and gender violence. Plaintiff proceeds in this manner to protect her legitimate privacy rights as further disclosure would expose her to stigmatization and invasion of privacy. Defendants are aware of the true legal name of Jane Doe, the circumstances surrounding these causes of action. Plaintiff further anticipates seeking concurrence from Defendants for entry into a protective order to prevent the unnecessary disclosure of Jane Doe's real name in the public record.

3. Plaintiff is informed and believes and thereon alleges that Defendant, **ABM INDUSTRY GROUP LLC,** was and is a Delaware Limited Liability Company with a principal place of business located at 14141 Southwest FWY Suite 477, Sugar Land, Texas 77478, doing

YOOSEFIAN LAW FIRM, P.C.
135 South Jackson Street, Suite 203
GLENDALE CALIFORNIA 91205

business in California at 8631 3rd Street, West Hollywood, California 90048 and was Plaintiff's employer at all times alleged herein.

4.    Plaintiff is informed and believes and thereon alleges that Defendant, **ABM INDUSTRIES INCORPORATED,** was and is a Delaware Corporation with a principal place of business located at One Liberty Plaza 7th, Floor New York, New York 10006, doing business in California at 8631 3rd Street, West Hollywood, California 90048 and was Plaintiff's employer at all times alleged herein.

5.    Plaintiff is informed and believes and thereon alleges that Defendant, **DIAM FRANCO DILEYVA,** an individual; was and is an individual doing business in California at 8631 3rd Street, West Hollywood, California 90048 and was the supervisor and/or manager for **ABM INDUSTRY GROUP LLC** at all times alleged herein.

6.    Plaintiff is informed and believes and thereon alleges that Defendant, **GABRIEL ZAMORAN,** an individual; was and is an individual doing business in California at 8631 3rd Street, West Hollywood, California 90048 and was an employee for **ABM INDUSTRY GROUP LLC** at all times alleged herein.

7.    Plaintiff is informed and believes and thereon alleges that Defendant, **LISA DOE,** an individual; was and is an individual doing business in California at 8631 3rd Street, West Hollywood, California 90048 and was the Human Resources Representative for **ABM INDUSTRY GROUP LLC** at all times alleged herein.

8.    Plaintiff brings this action against Defendants, **ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, DIAM FRANCO DILEYVA, GABRIEL ZAMORAN, LISA DOE,** and **DOES 1 through 50, inclusive,** for economic, non-economic, compensatory and punitive damages, pursuant to *Civil Code §3294;* prejudgment interest pursuant *Code of Civil Procedure §3291;* resulting from, Defendants' intentional infliction of emotional distress upon Plaintiff.

9.    The true names and capacities of the Defendants named herein as **DOES 1 through 50,** inclusive, whether individual, corporate, associate or otherwise, are unknown to

Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this complaint to add their true names and capacities when the same have been ascertained.

10.    Plaintiff is informed and believes and thereon alleges, that each **DOE** named herein is an employee, agent, partner, employer, predecessor, successor, assign, attorney, associate, joint venturer, and/or co-conspirator of the named Defendant and at all times herein mentioned was acting within such agency, association, partnership, venture, employment relationship, and/or conspiracy and that any reference to "defendant" or "Defendant" or "Defendants" shall mean "Defendants and each of them."

11.    Plaintiff is informed and believes that each of such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by such Defendants.

**GENERAL ALLEGATIONS**

12.    Plaintiff, **JANE DOE**, was and is an individual over the age of eighteen years and residing in the County of Los Angeles, State of California. Plaintiff was employed by Defendant Employer(s) **ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, DIAM FRANCO DILEYVA, GABRIEL ZAMORAN, and LISA DOE (Collectively, "Defendant EMPLOYERS"),** during the relevant time frames referenced herein, including the period of approximately October 2006 to present, in the capacity of a custodian/janitor.

13.    At all times during employment, Plaintiff was never the subject of any significant negative performance evaluation or discipline on the job at **Defendant EMPLOYERS** place of business.

14.    Defendants **ABM INDUSTRY GROUP LLC and ABM INDUSTRIES INCORPORATED** were and are corporate business entities authorized to transact and transacting business within the County of Los Angeles, State of California, with its principal place of business located at 14141 Southwest FWY Suite 477, Sugar Land, Texas 77478, One Liberty Plaza 7th, Floor New York, New York 10006, 8631 West 3rd Street, West Hollywood, California 90048. At all times referenced herein, said Defendant was the corporate affiliate or other business affiliate of the remaining corporate or other Defendants. Defendants were an

4
**COMPLAINT FOR DAMAGES**

"employer" as defined by the California Fair Employment & Housing Act, in that it regularly employed five (5) or more persons at all times referenced herein. All of the "**Defendant EMPLOYERS**" shall also be collectively referred to herein as the "Employers."

15.     Venue is otherwise proper in Los Angeles County as that is the county where the alleged incidents occurred and where Plaintiff resides.

16.     Other managers and those in the Human Resources Department of **Defendant EMPLOYERS** were also instrumental in the alleged violations of law claimed by Plaintiff, but their personal involvement and wrongdoing outside the **Defendant EMPLOYERS**' actions is largely currently unknown.

17.     Plaintiff sues fictitious Defendants **DOES 1 through 50**, inclusive pursuant to *California Code of Civil Procedure* § 474, because their names and/or capacities are not presently known to the Plaintiff.  Plaintiff will amend the Complaint when such facts become known.  Plaintiff is informed and believes and based thereon, alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's respective damages were legally and/or proximately caused by said Defendants' conduct.  Moreover, the acts committed by the **Defendant EMPLOYERS** as described herein were duly authorized, ratified and directed by its officers, directors and managing agents. Additionally, the **Defendant EMPLOYERS** participated in the acts of its employees and managing agents as described herein, and ratified and accepted the benefits and/or consequences of such wrongful acts.

## FACTUAL BACKGROUND

18.     Plaintiff was employed by **ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED,** and **DIAM FRANCO DILEYVA** at its/their place(s) of business located at 14141 Southwest FWY Suite 477, Sugar Land, Texas 77478, One Liberty Plaza 7th, Floor New York, New York 10006, 8631 West 3rd Street, West Hollywood, California 90048 where she was employed commencing on or about October 2006 to present as a custodian/janitor.

**COMPLAINT FOR DAMAGES**

19.    Plaintiff's work schedule consisted of working Monday to Friday on a full-time basis and is paid $21.20 per hour with an overtime rate of $31.80. Plaintiff's responsibilities included but were not limited to: vacuuming, dusting, sweeping and mopping floors, cleaning tables, toilets, taking out trash, and other related tasks as mandated by her employers.

20.    Throughout the course and scope of her employment, Plaintiff consistently missed her meal breaks and rest breaks due to Defendant's demanding schedule and tasks. Even when Plaintiff would receive her meal breaks and rest breaks, they were always provided late.

21.    During all relevant times herein, Plaintiff regularly worked in excess of eight (8) hours per day and in excess of forty (40) hours per week. However, Defendants never paid Plaintiff any overtime compensation for any hours worked in excess of eight (8) hours per day. In addition, Defendants never paid Plaintiff any overtime compensation for any hours worked in excess of forty (40) hours per week.

22.    Plaintiff worked without being provided with a meal period of at least thirty (30) minutes per five (5) hours worked and without compensation of one (1) hour of pay for each workday that a meal period was not provided.  Plaintiff worked without being authorized or permitted to take a rest period of at least ten (10) minutes per every four (4) hours worked and without compensation of one (1) hour of pay for each workday that a rest period was not provided.  Plaintiff worked without receiving an accurate itemized wage statement that reflected regular and overtime hours actually worked and meal and rest period premium payments.

23.    Moreover, on or about October 31, 2022, Plaintiff formally reported that Gabriel Zamoran had acted inappropriately towards her in the workplace. In her report to the union, Plaintiff described how Gabriel would approach her at work, ask where she was going, and offer to accompany her by offering to take her, despite her not welcoming these advances. When Plaintiff reported these incidents to Franco, no action was taken, and Gabriel's behavior continued. Plaintiff repeatedly requested a transfer to another location or building, unable to endure the hostile work environment. When Plaintiff rejected Gabriel's advances, he became aggressive, displaying rude behavior and an unpleasant attitude. Gabriel's actions caused Plaintiff emotional distress during her employment.

24.    On or about November 14, 2022, Plaintiff filed another report, describing an encounter with Gabriel in the workplace where he provoked and harassed her. During these encounters, Gabriel would walk into the offices and attempt to scare Plaintiff. In the report, Plaintiff explained that Gabriel would enter the office while she was working alone and provoke her. She also stated that Gabriel is a violent person and is still awaiting a response regarding the resolution of these issues, as Plaintiff's concerns were not being addressed. Plaintiff urgently requested to be moved to another location, citing Gabriel's actions as the reason for her pleas. Within these reports, Plaintiff has noted that Gabriel enters the restrooms and rooms where Plaintiff is working.

25.    On or about June 23, 2023, on two different occasions, Gabriel touched Plaintiff inappropriately. After these instances, Plaintiff texted Defendant Franco detailing the incidents, but never received a response from him. Thereafter, Plaintiff reported the conduct to Lisa Doe from HR. On the first instance, Plaintiff was standing by a door, and Gabriel went through the door, close to Plaintiff without asking her to move so that he could walk through and in that instance touched Plaintiff's buttocks. At first, Plaintiff thought it was an accident as she felt awkward that he got so close to her. On the second instance, Plaintiff was waiting to get supplies to start working, and Gabriel went behind her with his hand open and touched Plaintiff on her buttocks once again. During this encounter, Plaintiff got angry at Gabriel and yelled, "hey, it's the second time you do this!" Plaintiff grabbed her things and proceeded to go to her work area. Plaintiff did not report this on the same day as she had felt humiliated and embarrassed by what transpired in the workplace, even after she had requested to be moved. Prior to these instances of Gabriel's inappropriate actions, Plaintiff had on numerous occasions asked management, including Franco, to move her to another location specifically because of Gabriel's actions towards her in the workplace. The following Monday, Plaintiff sent a text message to Franco explaining the incidents but never received a response.

26.    Throughout the course of Plaintiff's employment with **DEFENDANT EMPLOYERs,** employees of **ABM INDUSTRY GROUP LLC and ABM INDUSTRIES**

**INCORPORATED,** including **GABRIEL ZAMORAN,** have on numerous occasions made sexually inappropriate advances to Plaintiff.

27.    Occurring throughout her employment, Plaintiff was made to undergo a hostile working environment and was subjected to harassment, discrimination, and a series of sexual innuendos, statements, and overall inappropriate sexually related harassment. Plaintiff currently experiences headaches and meets with doctors and psychologist for her mental conditions.

## PROCEDURAL ALLEGATIONS

28.    At all times relevant, the **Defendant EMPLOYERS** is/are and was/were an entity/ies subject to suit under the *California Fair Employment and Housing Act-- Government Code § 12900, et. seq.*, in that they regularly employ five or more persons at all times referenced herein. They are also business(es) entity(ies) regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under other various statutes.

29.    Plaintiff has made a formal request from her employer for information regarding details in her complaints, investigation (if any) and personnel file but **DEFENDANT EMPLOYERS** have wholly failed to provide all of this required information in violation of the law. Her personnel file or other employer documents should contain complaints, investigations, and/or reports of such harassment, and other unlawful conduct, made on *more than one occasion*.

30.    Plaintiff properly and timely complied with the requirements of the Fair Employment and Housing Act [F.E.H.A.] and exhausted administrative remedies against the named Defendants prior to the filing of this civil action on or about March 21, 2025.  Plaintiff received the right-to-sue letter ("RTS") from the Department of Fair Employment and Housing ("DFEH") on or about March 21, 2025. Within this, Plaintiff received a "Notice of Case Closure/Right-to-Sue" from the DFEH authorizing Plaintiff to file a lawsuit in the Superior Court of the State of California, within one (1) year from the date of that letter. [Attached hereto as "Exhibit 1" is a true and correct copy of the RTS received from the DFEH].

31.    Therefore, Plaintiff has timely and properly exhausted administrative remedies under the Fair Employment & Housing Act codified in *Government Code Section* 12940 et seq., prior to the filing of this lawsuit.  This lawsuit was thereafter timely and properly filed.

**COMPLAINT FOR DAMAGES**

YOOSEFIAN
LAW FIRM, P.C.
135 South Jackson Street, Suite 203
GLENDALE CALIFORNIA 91205

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL BREAKS

## (Against Defendants ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, and DOES 1-50)

32.     Plaintiff restates and incorporates by this reference each and every preceding paragraph in this complaint as though fully set forth at this point.

33.     Plaintiff was not provided meal periods as required by California Labor Code § 226.7, 512 and Industrial Welfare Commission Wage Orders.

34.     Throughout the statutory period alleged herein, Plaintiff regularly worked for more than five (5) hours during a work period without being allowed to take the mandatory thirty (30) minute meal break for each five (5) hours of work as required by California law, and without being compensated for missing meal periods. See *Brinker Restaurant Corp., et al. v. Superior Court* (2012) 52 Cal. 4th 1004, 1040-41 ("The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so... [A] first meal period [is required] no later than the end of an employee's fifth hour of work, and a second meal period [is required] no later than the end of an employee's 10th hour of work.").

35.     Throughout the time Plaintiff was employed with Defendants, Defendants discouraged, dissuaded, impeded, and failed to provide Plaintiff with uninterrupted meal periods of not less than thirty (30) minutes as required by the Labor Code and failed to provide one (1) hour of premium pay for each day they failed to provide a meal period.

36.     The working conditions and work schedules at Defendants' employment location deprived Plaintiff a meaningful opportunity to take meal breaks uninterrupted as required by California law. Plaintiff was consistently interrupted during her meal and rest period(s).

37.     Defendants required Plaintiff, as a condition of maintaining employment with Defendants, to regularly work through/during meal periods, which included being responsive to Plaintiff's supervisor or being harassed while trying to take these breaks. Plaintiff was given little

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

YOOSEFIAN
LAW FIRM, P.C.
135 South Jackson Street, Suite 203
GLENDALE, CALIFORNIA 91205

to no appropriate time to take such breaks. Such conditions only caused Plaintiff to suffer heightened levels of stress and anxiety, and along with the other conduct, other health/mental trauma that continues to this day.

38.     As a result of Defendants' above-referenced wrongful conduct, Plaintiff has suffered, and continues to suffer, significant economic loss and damages.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

### (Against Defendants ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, and DOES 1-50)

39.     Plaintiff restates and incorporates by this reference each and every preceding paragraph in this complaint as though fully set forth at this point.

40.     Regardless of employment title classifications, Plaintiff was not authorized or permitted to take a full, uninterrupted ten-minute rest period for every four (4) hours worked. Essentially, Plaintiff remained on duty, was harassed, or was called back into duty to work before the end of ten (10) minute rest breaks. *See Brinker*, 53 Cal. 4th 1004 at 1029 ("Employees are entitled to 10 minutes rest for shift from three and one-half to six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on.").

41.     As a result, Plaintiff was always on duty, subject to employer's control, even when on purported "breaks" which were not lawfully permitted at all in reality due to the consistent work interruptions.

42.     The working conditions and work schedules at Defendants' employment location deprived Plaintiff a meaningful opportunity to take meal breaks uninterrupted as required by California law. Plaintiff was consistently interrupted during her meal and rest period(s).

43.     Plaintiff was not paid the required premium pay for days in which Plaintiff worked at least three (3) and one-half hours and was not authorized or permitted to take a full, uninterrupted ten-minute rest break for every four (4) hours of work or major fraction thereof. Such practices occurred throughout Plaintiff's employment with Defendants.

44.     Defendants required Plaintiff, as a condition of maintaining employment with Defendants, to regularly work through/during meal periods, which included being responsive to Plaintiff's supervisor or being harassed while trying to take these breaks. Plaintiff was given little to no appropriate time to take such breaks. Such conditions only caused Plaintiff to suffer heightened levels of stress and anxiety, and along with the other conduct, other health/mental trauma that continues to this day.

45.     As a result of Defendants' above-referenced wrongful conduct, Plaintiff has suffered, and continues to suffer, significant economic loss and damages.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY WAGES

## (Against Defendants ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, and DOES 1-50)

46.     Plaintiff restates and incorporates by this reference each and every preceding paragraph in this complaint as though fully set forth at this point.

47.     Labor Code §204 generally establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work.

48.     The penalty for late payment of wages advances the public policy of assuring that employees are paid *promptly* for their work. It incentivizes employers to pay wages in a timely manner. [*Mamika v. Barca* (1998) 68 Cal.App.4th 487, 491–493.("This larger penalty acts as a disincentive to employers who are reluctant to pay wages in a timely manner, thus furthering the intent of the statutory scheme.")]. A failure to pay wages on time is *willful* if the failure is intentional. An employer does not fail to pay wages willfully when there is a good faith dispute about the employee's entitlement to the unpaid wages. Cal. Code of Regs., tit. 8, § 13520 ("A willful failure to pay wages within the meaning of Labor Code Section 203 occurs when an employer intentionally fails to pay wages to an employee when those wages are due.").

49.     Defendants are required to pay Plaintiff for all hours worked, meaning the time during which an employee is subject to the control of an employer. Accordingly, Plaintiff was under the direct control of Defendants' regulations and management throughout her workday.

COMPLAINT FOR DAMAGES

50. As a result of the violations of the afore-described statutory provisions of California law, Plaintiff has been damaged as herein before alleged in an amount to be shown according to proof.

51. Defendants failed to pay Plaintiff, as discussed above for all Plaintiff's time working and Defendants' practice of failing to fully pay Plaintiff for all labor (including interrupted meal and rest breaks) is unlawful and creates an entitlement, pursuant to Labor Code §218, 218.6 to recovery of the unpaid balance of the full amount of the straight time compensation owing.

52. Plaintiff was damaged by not receiving compensation, which Plaintiff should have received but did not. Plaintiff is entitled to receive compensation, together with pre-judgment interest, attorney's fees, and costs of suit.

### FOURTH CAUSE OF ACTION
### FAILURE TO PAY OVERTIME
### (Against Defendants ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, and DOES 1-50)

53. Plaintiff restates and incorporates by this reference each and every preceding paragraph in this complaint as though fully set forth at this point.

54. Throughout the statutory period alleged herein, Plaintiff regularly worked in excess of eight (8) hours per day and in excess of forty (40) hours per week. However, Defendants never paid Plaintiff any overtime compensation for any hours worked in excess of eight (8) hours per day. In addition, Defendants never paid Plaintiff any overtime compensation for any hours worked in excess of forty (40) hours per week.

55. Plaintiff regularly worked in excess of eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

56. Labor Code § 510 and Industrial Welfare Commission Wage Order 15-2001 requires that all workers be compensated for all hours worked, including overtime premium pay for overtime hours worked (Labor Code Section 510; 8 Cal. Code of Regulations. Section 11040, subdivision 3(A).) Workers must be paid regular wages for hours worked and overtime premium

pay in the amount of one (1) and one-half times each employee's regular rate of pay for any work in excess of eight (8) hours in one working day (Id.).

57.     Workers must also be paid double-time premium pay in the amount of double each employee's regular rate of pay, for any work in excess of 12 hours in one day and any work in excess of eight (8) hours on any seventh day of a workweek (Id.).

58.     Defendants have failed to provide Plaintiff with the correct and accurate compensation that is owed. Plaintiff was required to work throughout various and extensive hours of work, however, was not appropriately compensated for such overtime by Defendants. Accordingly, Plaintiff would be required to work extensively early and stay past her normal working hours, however, would not be compensated for this time. By failing to pay overtime compensation to Plaintiff, Defendants have violated and continues to violate Labor Code §§ 204, 510, 1194 and Wage Order 15-2001.

59.     As a result of Defendants' above-referenced wrongful conduct, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, plus interest thereon, attorneys' fees and costs, under Labor Code § 1194.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE RECORDS IN VIOLATION OF LABOR CODE §§ 1198.5, 432, 226

### (Against Defendants ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, and DOES 1-50)

1.     Plaintiff restates and incorporates by this reference each and every paragraph in this Complaint as though fully set forth herein.

2.     Pursuant to Labor Code section 1198.5, every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee. The employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals

and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to inspect the records, and the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request. Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records, at a charge not to exceed the actual cost of reproduction, not later than 30 calendar days from the date the employer receives the request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to produce a copy of the records, as long as the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request. Except as provided in paragraph (2) of subdivision (c), the employer is not required to make those personnel records or a copy thereof available at a time when the employee is actually required to render service to the employer, if the requester is the employee.

3.      Pursuant to Labor Code section 432, if an employee or applicant signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request. This applies to any document that an employee (or job applicant) signs that is related to obtaining or holding employment. Upon request, the employer must provide those documents. Labor Code section 432 covers any document the employee signed related to "obtaining" or "holding" employment. Examples include job applications, handbook acknowledgments, arbitration agreements, job descriptions, and any signed policy acknowledgments (anti-harassment, retaliation, discrimination, at-will employment, meal/rest break policies, etc.). Failure to comply with such a request is a misdemeanor.

4.      Moreover, Labor Code section 226, subd. (a) requires an employer to furnish its employees, "semimonthly or at the time of each payment of wages," "an accurate itemized statement in writing showing," among other things: (1) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual; (2) total hours worked by each respective individual; (3) gross wages earned; (4) net wages earned; (5) all deductions; (6) inclusive dates of the period for which the

YOOSEFIAN
LAW FIRM, P.C.
135 South Jackson Street, Suite 203
GLENDALE, CALIFORNIA 91205

employee is paid; (7) the name of the employee and an employee identification or social security number; and (8) the name and address of the legal entity that is the employer.

5.      Further, Labor Code sections 226, 1174, 1174.5, and Wage Order No. 7(a) mandate an employer to keep accurate records, including the number of hours worked, rate of pay for each hour, and total wages owed. It is an offense for an employer to fail to keep track of the hours worked by their employees. (Lab. Code, § 226.3.)

6.      Pursuant to Labor Code section 226, subd. (a), an employer shall have a copy of the wage statement, and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of section 226, subd. (a), "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

7.      Moreover, "[a]n employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) *shall afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the* employer . . . . If the employer provides copies of the records, the actual cost of reproduction may be charged to the current or former employee." (Lab. Code, § 226, subd. (b), emphasis added.)

8.      "An *employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request. A violation of this subdivision is an infraction.*" (Lab. Code, § 226, subd. (c), emphasis added.)

9.      Pursuant to Labor Code section 226, subd. (e)(1), "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

COMPLAINT FOR DAMAGES

10.   "An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement. An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a). Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a)." (Lab. Code, § 226, subd. (e)(2).)

11.   Labor Code section 226, subd. (f) states that "[a] failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer." An employee "may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees." (Lab. Code, § 226, subd. (h).) If an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified in this section, or times agreed to by mutual agreement as provided in this section, the current or former employee or the Labor Commissioner may recover a penalty of seven hundred fifty dollars ($750) from the employer. (Lab. Code, § 1198.5, subd. (k).) A current or former employee may also bring an action for injunctive relief to obtain compliance with this section and may recover costs and reasonable attorney's fees in such an action.  (Lab. Code, § 1198.5, subd. (l).)

12.   Plaintiff's representative made detailed personnel file requests to Defendants, on or about August 17, 2023 and October 28, 2024, in writing (certified letter), pursuant to Labor Code sections 1198.5, 432 and 226. Defendants' response to that request should contain any complaints made by Plaintiff, any disciplinary action taken against her, leave requests and those

documents related to her leave, and all information related to breaks, overtime, and other payroll records. Defendant has yet to produce Plaintiff's records.

13.     Moreover, Defendants repeatedly failed to submit accurate wage statements to Plaintiff during the course of her employment. When Plaintiff did receive wage statements, she found inaccuracies with respect to her overtime pay and constantly had to remind Defendants to fix such inaccuracies and provide accurate wage statements.

14.     Defendants knowingly and intentionally failed to comply with Labor Code sections 226, 1174, 1174.5 for the entire duration of Plaintiff's employment and thereafter for failure to provide or allow inspection of Plaintiff's personnel file upon request by the statutory deadline. Because of Defendant's above-referenced wrongful conduct, Plaintiff suffered and continues to suffer significant economic loss and damages.

Defendants committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Plaintiff seeks all applicable statutory and other damages, and costs and reasonable attorney's fees for Defendants' failure to comply with the Labor Code.

## SIXTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE §§17200-17208

### (Against Defendants ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, and DOES 1-50)

60.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

61.     *California Business & Professions Code* §§ 17200-et seq. prohibit acts of unfair competition, which includes any "unlawful and unfair business practices." It is the policy of this State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

17

**COMPLAINT FOR DAMAGES**

62. Through the conduct alleged herein, **Defendant EMPLOYERS** acted contrary to these public policies and engaged in unlawful and/or unfair business practices in violation of Business & Professions Code §§17200, et seq. depriving Plaintiff of rights, benefits, and privileges guaranteed to employees under California law.

63. Additionally, and throughout Plaintiff's employment with **Defendant EMPLOYERS**, **Defendant EMPLOYERS** have committed unlawful, unfair, and/or fraudulent business acts and practices as defined and in violation of Business & Professions Code §§17200 by failing to investigate and properly resolve allegations of sexual harassment of employees, or engaging in good faith interactive process, failing to take all reasonable steps to prevent discrimination, retaliation, and harassment, to provide meal and rest breaks, pay all wages due, furnish timely and accurate wage statements, and engaging in retaliatory discipline, in violation of California law.

By engaging in these business practices, which are unfair business practices within the meaning of Business & Professions Code §§17200 et. seq., Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff. Defendants must disgorge these ill-gotten gains and restore to Plaintiff the wrongfully withheld wages pursuant to section 17203 of the California Business and Professions Code.

**SEVENTH CAUSE OF ACTION**

**SEXUAL HARASSMENT IN VIOLATION OF**

**THE FAIR EMPLOYMENT AND HOUSING ACT**

**(Against Defendants ABM INDUSTRY GROUP LLC, ABM INDUSTRIES**

**INCORPORATED, GABRIEL ZAMORAN, and DOES 1-50)**

64. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

65. At all times herein mentioned, FEHA, Cal. Gov't Code §§ 12900, *et seq.*, was in full force and effect and was fully binding upon Defendant. Specifically, §§ 12940(j) prohibits an employer from sexually harassing an employee on the basis of sex.

66.    At all relevant times mentioned herein, Government Code § 12940(a) prohibits an employer, such as **ABM INDUSTRY GROUP LLC** and/or **ABM INDUSTRIES INCORPORATED** from discriminating against its employees in compensation, or in terms, conditions, or privileges of employment on the basis of sex and/or gender.

67.    Defendants, **ABM INDUSTRY GROUP LLC** and/or **ABM INDUSTRIES INCORPORATED** and the individual employees' actions and non-actions (such as ignoring complaints) toward Plaintiff, as described herein, created a hostile, and sexually inappropriate working environment which materially altered Plaintiff's working conditions, and which constitutes sexual harassment in violation of Gov't Code § 12940 (j)(1). Specifically, **GABRIEL ZAMORAN's**, aggressive and overtly sexual acts (and unwanted sexual conduct), derogatory comments, epithets, and affronts mentioned above, all surmount to unlawful conduct, that have and continue to humiliate, degrade, and injure Plaintiff, and which were ratified, condoned, and/or accepted by **ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, DIAM FRANCO DILEYVA, and/or LISA DOE.**

68.    As a direct, foreseeable, legal and proximate result of **Employer(s) ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, DIAM FRANCO DILEYVA, and/or LISA DOE.** discriminatory and permitting the sexually harassing acts, carried forth by and through its managing employees, **GABRIEL ZAMORAN,** Plaintiff has suffered and continues to suffer, substantial losses in earnings including back pay, front pay, equity, benefits and other compensation and job benefits as well as mental and emotional distress and discomfort, in an amount which will be proven at trial.

69.    As a direct, foreseeable, and proximate result of Defendants' unlawful actions, Plaintiff has suffered emotional distress, humiliation, shame, and embarrassment, all to Plaintiff's damage in an amount to be proven at the time of trial.

70.    Defendants', individual employees/managers and **Employer(s) ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, DIAM FRANCO DILEYVA, and/or LISA DOE,** while acting through its managing employees, committed the acts herein despicably, maliciously, fraudulently, and oppressively, with the wrongful intention

of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights and safety of Plaintiff and others. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

71.     As such, individuals and Defendants **Employer(s) ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, DIAM FRANCO DILEYVA, and/or LISA DOE,** acted in a willful and intentional manner and its conduct, as herein described, was and continues to be despicable, malicious, and outrageous in that it had caused Plaintiff to suffer cruel and unjust hardship needlessly. As such, Defendants are liable for punitive damages under *Civil Code § 3294* arising from physical and sexual harassment against Plaintiff as alleged under *Government Code §§* 12926 and 12940(j)(1). The harassment against Plaintiff was fraudulent, malicious, and oppressive as defined by *Civil Code §* 3294.

72.     In the event this Court finds that Defendants **Employer(s) ABM INDUSTRY GROUP LLC and/or ABM INDUSTRIES INCORPORATED,** are the sole and true employer entity, then said Defendants are liable for punitive damages under *Civil Code §* 3294, for the discriminatory treatment against Plaintiff in violation of *Government Code §* 12940(a).

73.     As a direct and legal result of the aforesaid acts of Defendants, Plaintiff has lost and will continue to lose earnings and other employment benefits, and has suffered and or will suffer other actual, consequential, and incidental financial losses, in an amount to be proven at the time of trial.  Plaintiff claims such amounts as damages together with prejudgment interest pursuant to *Civil Code §§* 3287, 3288 and/or any other provision of law providing for prejudgment interest.

74.     As a direct and legal result of the aforesaid acts of Defendants, Plaintiff has become mentally upset, severely emotionally distressed, frustrated, depressed, embarrassed, fragile, humiliated, and aggravated. Plaintiff claims non-economic or general damages for such mental and emotional distress and aggravation in a sum in excess of the jurisdictional minimum of the Superior Court.

75.     As a further direct, foreseeable, legal, and proximate result of Defendants' acts as herein alleged, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees,

expenses, and costs, entitling reimbursement of the same pursuant to *Government Code* § 12965(b), in an amount to be proven at trial.

**EIGHTH CAUSE OF ACTION**

**HOSTILE WORK ENVIRONMENT  (HARASSMENT BASED ON GENDER/SEX) IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT (Against Defendants ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, GABRIEL ZAMORAN, DIAM FRANCO DILEYVA, LISA DOE and DOES 1-50)**

76.     Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

77.     At all times relevant, Plaintiff was engaged in an employee-employer relationship with Defendants.

78.     Throughout the course and scope of Plaintiff's employment with Defendants, Plaintiff was constantly subjected to severe, aggressive, and overt sexual advances, verbal abuse, and stressful working conditions as Plaintiff was targeted through unwanted and dangerous sexual harassment. Defendants humiliated and ridiculed Plaintiff through Defendants' employees and ratified by Defendants' management employees/Employer.

79.     Plaintiff complained about the male employees' conduct verbally, in person, and in writing. Throughout Plaintiff's employment, the male employees employed by Defendants engaged in sexually improper conduct as well as discrimination and retaliation against Plaintiff based on her gender and sex. Specifically, Plaintiff informed various persons in Human Resources, the union, and managers of employer of the derogatory comments, disregard of her other rights, unwanted approaches, and other inappropriate behavior the male employees engaged in and exerted upon Plaintiff.

80.     Plaintiff complained to the Human Resources department both verbally and in writing notifying them of the male employees' conduct.

81.    Upon information and belief, **Employer(s) ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, DIAM FRANCO DILEYVA, and/or LISA DOE** made no effort to truly investigate and cure Plaintiff's allegations of unlawful conduct.

82.    More so, fully aware of Plaintiff's concerns about the support and Defendants' apathy, hostility, and animosity towards Plaintiff, Defendants retaliated against Plaintiff for protesting Defendants' unlawful practices, complaining about sexual and gender harassment by the male employees and other management's support, and asserting rights under California law.

83.    Plaintiff made the employer fully aware of the harassment and discrimination aforementioned by notifying Defendants **Employer(s) ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, DIAM FRANCO DILEYVA, and/or LISA DOE** of the ongoing harassment and stressful working conditions.

84.    Plaintiff's working conditions and the hostile working environment Plaintiff was subjected to, became so difficult, that Plaintiff sought the help of **Employer(s) ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, DIAM FRANCO DILEYVA, and/or LISA DOE** and their Human Resources personnel to rectify the stressful working conditions. As no actions were undertaken from Defendant's part to rectify the issue, Plaintiff also made formal complaints to the union.

85.    As such, Defendants took no corrective measures to remedy the harassment and discrimination against Plaintiff, but rather, allowed for the abuse and harassment against Plaintiff to continue and ultimately took further adverse employment actions against Plaintiff.

86.    Defendants not only failed to remedy the harassment Plaintiff was continuously subjected to, but also continued to foster a dangerous, unlawful, and unprofessional work. Defendants continuously subjected Plaintiff to a hostile work environment due to Plaintiff's engagement of a protected activity and being part of a protected class, including gender/sex.

87.    The harassment and retaliation to which Plaintiff was subjected to were because of Plaintiff's protected classes, engagement of a protected activity. Defendants' harassing and discriminatory conduct was a substantial factor in causing Plaintiff's harm as Plaintiff was traumatized by the aforementioned abuse and misconduct.

88.    As a proximate result of Defendants' discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, and emotional distress. As a result of such actions, Plaintiff has suffered such damages in an amount to be proven at trial.

89.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered general damages, as Plaintiff has been psychologically and emotionally injured from Defendants' aforementioned conduct. Such injuries have caused and continue to cause Plaintiff great mental pain and suffering, depression, and loss of enjoyment, in an amount in excess of this Court's minimal jurisdiction.

90.    As a direct and proximate result of Defendants' conduct, Plaintiff has been and, for a period of time in the future, has and/may be required to employ physicians and incur additional medical and incidental expenses.

91.    Defendants' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights. Defendants acted with malice and oppression, as the tortious acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. Additionally, Defendants acted with fraud, as Defendants willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive Plaintiff of employment benefits.

## NINTH CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT; (GENDER/SEX AND OTHER)

### (Against Defendants ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, and DOES 1-50)

92.    Plaintiff restates and incorporates by this reference each and every preceding paragraph in this complaint as though fully set forth at this point.

93.    The conduct which constitutes the above causes of action also constitutes gender discrimination which is shown by disparate treatment as Plaintiff is part of a protected and defined class as a female/woman.

94.    At all times alleged herein, Plaintiff was an employee of the Defendants.

**COMPLAINT FOR DAMAGES**

YOOSEFIAN
LAW FIRM, P.C.
135 South Jackson Street, Suite 203
GLENDALE, CALIFORNIA 91205

95.     From the beginning of Plaintiff's employment, Plaintiff was continuously harassed by a male employee and was subjected to unlawful sexual conduct at the workplace. Plaintiff was discriminated against based on her sex and gender for being a female.

96.     Defendant's discriminatory actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of gender in violation of Government Code § 12940(a).

97.     The above-described conduct of Defendant violated the well-established public policy of the State of California to prohibit discrimination, as set forth inter alia in Article I, section 7(a) and 8 of the California Constitution and applicable law.

98.     At all relevant times, Defendants, acting through its agents, servants and employees engaged in, maintained, operated, and utilized policies, practices, and procedures for gender discrimination in each aspect of employment, including pay, benefits, and status in violation of Government Code §§12940, *et seq.*, and Article I, §31 of the California Constitution.

99.     As a proximate result and substantial factor of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered the loss of the wages, salary, benefits, and additional amounts of money that she would have received if she had not been treated in a discriminatory manner and through adverse employment actions.  As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof to be determined at trial.

100.     At all relevant times, the conduct of Defendants, through its agents, described herein was intended by Defendant to cause injury to Plaintiff, and did in fact, cause injury to her. Such conduct caused injury and general damages to the Plaintiff, as well as past, present, and future, loss of income, wages, salary, benefits, retirement, and additional amounts of money Plaintiff would have received if she had not been discriminated against as to the terms, conditions and privileges of employment as well physical and emotional stress, and injury from Defendants' conduct in an amount not yet determined.  Plaintiff prays for leave to amend this complaint to allege such amounts when these amounts are known.

101.     As a further proximate result of Defendant's discriminatory actions, and

**COMPLAINT FOR DAMAGES**

retaliation against Plaintiff, as alleged, Plaintiff has been harmed in that she has suffered humiliation, mental anguish, emotional distress, physical distress, and injury to mind and body. Plaintiff has suffered such damages in excess of the jurisdictional minimum in an amount according to proof at trial.

102.    As a further proximate result of Defendant's discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered the intangible loss of such employment-related opportunities as experience, reputation, and promotions in employment. As a result of such discrimination and consequent harm, Plaintiff has suffered such damages in an amount according to proof at trial.

103.    As a proximate result and substantial factor of Defendant's discriminatory actions against Plaintiff, as alleged herein, Plaintiff has been additionally harmed in that Plaintiff has suffered from severe emotional distress and suffered greater loss of income.

**TENTH CAUSE OF ACTION**

**FAILURE TO TAKE ALL STEPS TO PREVENT**

**UNLAWFUL DISCRIMINATION AND HARASSMENT**

**IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

**(Against Defendants ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, and DOES 1-50)**

104.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

105.    During employment with **Defendant EMPLOYERS,** by and through its managing employees with its consent, authorization and/or ratification, harassed and discriminated against Plaintiff because of her sex and gender. Additionally, **Defendant EMPLOYERS** failed to take reasonable steps to prevent the discrimination and harassment Plaintiff was subjected to, ratifying it instead by taking adverse employment actions. By failing to take reasonable steps to prevent the herein alleged acts of harassment and discrimination, by failing to undertake any prompt and adequate investigation concerning the unlawful

discrimination and by failing to take any action in response to said conduct, **Defendant EMPLOYERS,** violated *Government Code* § 12940(k).

106.    California Government Code § 12940(k) makes it an unlawful employment practice for an employer to "fail to take all reasonable steps to prevent discrimination and harassment from occurring." Defendants violated this provision by failing to prevent the aforementioned conduct.

107.    An employer has an affirmative duty to take steps to assure that harassment, discrimination, or retaliation does not occur in the workplace. (California Government Code § 12940) To prevail on a claim that an employer has failed to do so, the plaintiff must prove that: (1) the plaintiff was an employee of or applied to the defendant(s) for a job, or that plaintiff was provided services under a contract with the defendant, (2) the plaintiff was subjected to harassing conduct or discrimination because the plaintiff did, or believed to have been, or was associated with someone who was (or was believed to be) in a protected group – or the plaintiff was subjected to retaliation because the plaintiff opposed the employer's unlawful and discriminatory employment practices, or the plaintiff filed a complaint with, testified before or assisted in a proceeding before the Department of Fair Employment and Housing, (3) the defendant(s) failed to take reasonable steps to prevent the harassment, discrimination or retaliation, (4) the plaintiff was harmed, and (5) the defendant(s) failure to take reasonable steps to prevent the harassing, discriminatory, or retaliatory conduct was a substantial factor in causing the plaintiff's harms. Judicial Council of California Civil Jury Instruction 2527.

**1. Plaintiff's Employment;**

108.    Plaintiff was undoubtedly an employee of **Defendant EMPLOYERS**.

**2. Harassing, Discriminatory and Retaliatory Conduct;**

109.    Plaintiff had to endure the conduct mentioned hereinabove because **Defendant EMPLOYERS** caused Plaintiff's employment to be subject to adverse actions and discriminatory conduct. The following harassing and discriminatory conduct were induced by Defendants to Plaintiff: constant unwanted sexual advances, remarks, verbal conduct surmounting to sexual harassment, retaliatory conduct based on Plaintiff's sex, gender, and

complaints.

110.    After Plaintiff put **Defendant EMPLOYERS** on notice and contacted **Defendant EMPLOYERS'** management for Plaintiff regarding the aforementioned conduct, **Defendant EMPLOYERS** retaliated against Plaintiff by disregarding her complaints and failed to take steps to prevent such harassment and hostile work environment against Plaintiff.

### 3. Defendant's Failure to Take Reasonable Steps;

111.    **Defendant EMPLOYERS** failed to take all reasonable steps to prevent the aforementioned conduct. Plaintiff made **Defendant EMPLOYERS** aware of the conduct that was occurring to help resolve the ongoing issues. However, **Defendant EMPLOYERS** disregarded Plaintiff's assertions of the harassing and discriminatory conduct taking place. Instead, **Defendant EMPLOYERS** (also through managerial employees in HR) became more determined to retaliate against Plaintiff by disregarding her concerns and responding to the complaints with adverse employment actions because of Plaintiff's sex, gender, complaints and protests against Defendants' sexual harassment and unlawful working conditions.

### 4. Plaintiff's Harms;

112.    Plaintiff was indeed harmed. Plaintiff's damages include but are not limited to: physical injuries and exacerbation of them due to failing to honor accommodations/restrictions, emotional stress, anxiety, nervousness, and loss of wages due to going on leave, all damages for which Plaintiff continues to suffer to the present. Plaintiff continues to suffer economic damages as a result of the wrongful adverse employment actions.

### 5. Defendants' Failure Was a Substantial Factor in Causing Plaintiff's Harms

113.    Defendants' failure to take reasonable steps to prevent the preceding harassing, discriminatory, and retaliatory conduct was a substantial factor in causing Plaintiff's harms. Plaintiff was sexually harassed by male employees of Defendants, by making sexual inappropriate comments and unwanted physical advances, and subjecting Plaintiff to a hostile working environment.  Defendants also ignored Plaintiff's requests for investigations, resolution, and other unlawful conduct by management. Upon being notified by Plaintiff of the unlawful

**COMPLAINT FOR DAMAGES**

YOOSEFIAN
LAW FIRM, P.C.
135 South Jackson Street, Suite 203
GLENDALE, CALIFORNIA 91205

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

conduct, **Defendant EMPLOYERS** failed to take any reasonable preventive measures, allowed many of the acts to continue, and ultimately responded to Plaintiff's complaints with adverse employment actions.

114.    As a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

115.    Defendants engaged in acts of oppression, fraud, and/or malice. Defendants had advanced knowledge of the unfitness of each employee who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advanced knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or in part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff to exemplary damages against Defendant in accordance with California Civil Code § 3294 in a sum appropriate to punish and make an example of Defendant.

116.    As a direct, foreseeable, legal, and proximate result of the Defendants' failures to act as herein alleged, Plaintiff has suffered and continues to suffer, substantial losses in earnings and job benefits, emotional distress, mental anguish, and discomfort, as well as anxiety, trepidation, apprehension, panic, dread, fear and worry all to Plaintiff's damage in an amount which will be proven at trial.

117.    As a further direct, foreseeable, legal, and proximate result of the Defendants' discriminatory acts as herein alleged, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses, and costs, entitling Plaintiff to reimbursement of the same pursuant to *Government Code* § 12965(b), in an amount to be proven at trial. FEHA provides for an award of reasonable attorney's fees and costs incurred by a prevailing Plaintiff in an action

YOOSEFIAN LAW FIRM, P.C.
135 South Jackson Street, Suite 203
GLENDALE, CALIFORNIA 91205

brought under its provisions. Plaintiff has incurred and will continue to incur attorney's fees and costs herein. Plaintiff is entitled to an award of attorney's fees and costs.

118.    Moreover, despite knowing of the harassment and discriminatory conduct carried out against Plaintiff, **Defendant EMPLOYERS**, oppressively, fraudulently, maliciously and in conscious disregard for the rights and safety of Plaintiff, failed to prevent such conduct. **Defendant EMPLOYERS** thus acted in a willful and intentional manner and its conduct, as herein described, was and continues to be despicable, malicious, and outrageous in that it had caused and continues to cause Plaintiff to needlessly suffer cruel and unjust hardship. Therefore, **Defendant EMPLOYERS'** conduct, acts and/or omissions, as herein alleged, justify an award of punitive and exemplary damages in an amount sufficient to deter it from ever engaging in such conduct again.

**ELEVENTH CAUSE OF ACTION**

**SEXUAL BATTERY IN VIOLATION OF CAL. CIV. CODE § 1708.5**

**(Against Defendants ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, GABRIEL ZAMORAN, and DOES 1-50)**

119.    Plaintiff restates and incorporates by this reference each and every preceding paragraph in this complaint as though fully set forth at this point.

120.    Cal. Civ. Code § 1708.5 (a) provides: A person commits sexual battery who does any of the following: (1) acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results; or (2) acts with the intent to cause a harmful or offensive contact with another by use of his or her intimate part, and a sexually offensive contact with that person directly or indirectly results; or (3) acts to cause an imminent apprehension of the conduct described in sections (1) or (2), and a sexually offensive contact with that person directly or indirectly results.

121.    Cal. Civ. Code § 1708.5 (d) defines "intimate part" as the sexual organ, anus, groin, or buttocks of any person, or the breasts of a female.

122.    Cal. Civ. Code § 1708.5 (f) defines "offensive contact" to mean contact that offends a reasonable sense of personal dignity.

29

**COMPLAINT FOR DAMAGES**

YOOSEFIAN LAW FIRM, P.C.
135 South Jackson Street, Suite 203
Glendale, California 91205

123.    As stated above, **DEFENDANTS** conspired and intentionally targeted Plaintiff to sexually assault Plaintiff, against her will by, amongst other things, making remarks about Plaintiff's body, specifically her buttocks, occurring at Plaintiff's place of employment.

124.    Plaintiff alleges that pursuant to the aforementioned, **DEFENDANTS** committed civil sexual battery in violation of Cal. Civ. Code § 1708.5, by accomplishing the above acts of sexual misconduct, accomplished without the consent of Plaintiff, and hence, subjected Plaintiff to the forceful, harmful, and offensive comments about Plaintiff's private and intimate parts.

125.    Such despicable acts and abusive conduct have been accomplished against Plaintiff's will and without her consent.

126.    As a direct and proximate result of the **DEFENDANTS'** aforementioned unlawful conduct, Plaintiff has suffered and continues to suffer severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety, all in an amount exceeding the jurisdictional minimum of this Court, according to proof at trial.

127.    The aforementioned conduct by **DEFENDANTS** was willful, wanton, and malicious. At all relevant times, **DEFENDANTS** acted with conscious disregard of Plaintiff's rights, feelings, and well-being. **DEFENDANTS** also acted with the knowledge of, or with reckless disregard, for the fact that their conduct was certain to cause Plaintiff injury or humiliation. Plaintiff is informed and believes that **DEFENDANTS** intended to cause Plaintiff to suffer fear, emotional injury, and pain and suffering.

128.    By virtue of the foregoing, Plaintiff is entitled to recover punitive and exemplary damages from **DEFENDANTS**, according to proof at trial.

## TWELVTH CAUSE OF ACTION

## ASSAULT

### (Against Defendants ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, GABRIEL ZAMORAN, and DOES 1-50)

129.    Plaintiff restates and incorporates by this reference each and every preceding paragraph in this complaint as though fully set forth at this point.

**COMPLAINT FOR DAMAGES**

YOOSEFIAN LAW FIRM, P.C.
135 South Jackson Street, Suite 203
GLENDALE, CALIFORNIA 91205

130.   Plaintiff's coworkers and management, in doing the things herein alleged and all while **DEFENDANTS** were acting in the course and scope of their agency/employment with **DEFENDANT EMPLOYER**, put Plaintiff in imminent apprehension of offensive contact or was intended to put Plaintiff in imminent apprehension of such contact.

131.   Plaintiff did not consent to anyone's aforesaid harmful or offensive contact with Plaintiff's person, or intent to put Plaintiff in imminent apprehension of such contact.

132.   The egregious conduct committed by **DEFENDANTS** and Plaintiff's coworkers (including unidentified ones), while Plaintiff was performing her job duties, amounted to a series of events creating a reasonable apprehension in Plaintiff, of immediate harmful or offensive contact to Plaintiff's person, all of which were done intentionally and without Plaintiff's consent. Such conduct includes but is not limited to Plaintiff's apprehension of imminent offensive and harmful contact by being exposed to sexual remarks, innuendos, comments, and physical sexual advances.

133.   In doing the things herein alleged, **DEFENDANTS** violated Plaintiff's right, pursuant to Civil Code § 43, of protection from bodily restraint or harm, and from personal insult. In doing the things herein alleged, **DEFENDANTS** violated their duty, pursuant to Civil Code § 1708, to abstain from injuring the person of Plaintiff or infringing upon his rights.

134.   **DEFENDANTS** are liable for the actions of its agents and employees directly and under the doctrine of *respondeat superior*.

135.   **DEFENDANTS** breached their duty of care toward Plaintiff.

136.   At all relevant times, Plaintiff found the contact by his coworkers and ratified by **DEFENDANT EMPLOYER** to be offensive to his person and dignity. At no time did Plaintiff consent to any of the acts by **DEFENDANTS** alleged herein.

137.   As a direct and proximate result of the aforementioned conduct by **DEFENDANTS** and Plaintiff's coworkers (including unidentified ones), Plaintiff has sustained and will sustain pain and suffering and serious psychological and emotional distress, fright, depression, mental anguish, embarrassment, and humiliation.

138.    The conduct that **DEFENDANTS** and Plaintiff's coworkers (including unidentified ones) engaged in was fraudulent, oppressive, and/or malicious, and was in conscious disregard of the rights and safety of Plaintiff so as to warrant the imposition of punitive damages pursuant to California Civil Code § 3294. All **DEFENDANTS** ratified the underlying aforementioned conduct, condoned it, and allowed it to continue.

139.    Accordingly, Plaintiff is entitled to recovery against Defendants in an amount to be determined at trial.

## THIRTEENTH CAUSE OF ACTION
## GENDER VIOLENCE IN VIOLATION OF CAL. CIV. CODE § 52.4
## (Against Defendants ABM INDUSTRY GROUP LLC, ABM INDUSTRIES INCORPORATED, GABRIEL ZAMORAN, and DOES 1-50)

140.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

141.    Cal. Civ. Code § 52.4 (c) defines "gender violence" as: (1) one or more acts that would constitute a criminal offense under state law that has an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction; or (2) a physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal charges, complaints, charges, prosecution or conviction.

142.    As stated hereinabove, on or about October 31, 2022, November 14, 2022, and June 23, 2023, Gabriel Zamoran, and DOES 1-50 violated Cal. Civ. Code § 52.4. The Defendants mentioned hereinabove committed the aforementioned wrongful and despicable acts of gender violence, injuring Plaintiff through the threatened use of physical force against her person, and committed, at least in part, based on Plaintiff's female sex/gender.

143.    As a direct and proximate result of Defendants' unlawful conduct, as alleged hereinabove, Plaintiff has suffered sever emotional distress, humiliation, embarrassment, mental

and emotional distress, and anxiety, all in amount exceeding the jurisdictional minimum of this Court, according to proof at trial.

144.    As a direct and proximate result of Defendants' unlawful conduct, as alleged hereinabove, Plaintiff has suffered and continues to suffer economic harm and other consequential damages, all in an amount according to proof at trial.

145.    Defendants' aforementioned conduct was willful, wanton, and malicious. At all relevant times, Defendants acted and carried out their acts with conscious disregard for Plaintiff's rights, feelings, and well-being. Defendants also acted with the knowledge of, or with reckless disregard, for the fact that his conduct was certain to cause Plaintiff emotional injury and humiliation, which has and continues to occur.

146.    Plaintiff is informed and believes that Defendants intended to cause Plaintiff to suffer fear, emotional injury and/or pain and suffering. By virtue of the foregoing, Plaintiff is entitled to recover punitive and exemplary damages from Defendants, according to proof at trial.

147.    Plaintiff has incurred, and will continue to incur, attorney's fees in the prosecution of this action and therefore, demands such reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for this Court to grant the following relief against Defendant:

1.    For damages according to proof, including: loss of past and future earnings, unpaid overtime, unpaid commissions, deferred compensation, meal and rest period premiums, and other employment benefits;

2.    For interest on the amount of losses incurred, including: loss of past and future earnings, unpaid overtime, unpaid commissions, deferred compensation, meal and rest period premiums, and other employee benefits;

3.    For Prejudgment interest on lost wages, unpaid overtime, unpaid commissions, deferred compensation, meal and rest period premiums, and other employment benefits;

4.    For general damages according to proof with interest thereon;

5.    For special damages according to proof with interest thereon;

COMPLAINT FOR DAMAGES

6.      For punitive damages according to proof with interest thereon;

7.      That Defendants be found to have engaged in unfair competition in violation of sections 17200, et. seq. of the California Business and Professions Code;

8.      That Defendants be ordered and enjoined to make restitution to Plaintiff due to Defendant's unfair competition, including disgorgement of its wrongfully withheld wages, penalties and/or penalty wages, pursuant to California Business and Professions Code sections 17202, 17203, and 17204;

9.      That Defendants be enjoined from continuing the illegal course of conduct, alleged herein;

10.     That Defendants further be enjoined to cease and desist from unfair competition in violation of sections 17200, et seq. of the California Business and Professions Code;

11.     For reasonable attorneys' fees and costs to the prevailing party pursuant to Government Code § 12965(b);

12.     For award of statutory fees and penalties, attorneys' fees, costs pursuant to Labor Code §§1194, 218.5, 226, 1102.5, 123a, and California Code of Civil Procedure § 1021.5, (and under all other applicable statutes); and

13.     For such other and further relief as the Court deems just and proper.

///

///

///

///

///

///

///

///

///

///

///

**COMPLAINT FOR DAMAGES**

1

2

3    DATED: April 8, 2025

4

5

6

7

8

9

10

11    DATED: April 8, 2025

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**YOOSEFIAN LAW FIRM, P.C.**

By: _____

Ronald Yoosefian, Esq.
Davit Hovsepyan, Esq.
Noah W. Kanter, Esq.
*Attorneys for Plaintiff,*
**JANE DOE**


**THE AGADZHANYAN FIRM, P.C.**

By: _____

Serop Agadzhanyan, Esq.
*Attorneys for Plaintiff,*
**JANE DOE**

**COMPLAINT FOR DAMAGES**

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all claims so triable.

DATED: April 8, 2025

**YOOSEFIAN LAW FIRM, P.C.**

By: _____
Ronald Yoosefian, Esq.
Davit Hovsepyan, Esq.
Noah W. Kanter, Esq.
*Attorneys for Plaintiff,*
**JANE DOE**

DATED: April 8, 2025

**THE AGADZHANYAN FIRM, P.C..**

By: _____
Serop Agadzhanyan, Esq.
*Attorneys for Plaintiff,*
**JANE DOE**

**COMPLAINT FOR DAMAGES**

# EXHIBIT "1"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

March 21, 2025

Ronald Yoosefian
135 South Jackson Street, Suite 203
Glendale, CA 91205

RE:    **Notice to Complainant's Attorney**
CRD Matter Number: 202503-28633621
Right to Sue: Doe / ABM INDUSTRY GROUP LLC et al.

Dear Ronald Yoosefian:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

March 21, 2025

RE:  **Notice of Filing of Discrimination Complaint**
     CRD Matter Number: 202503-28633621
     Right to Sue: Doe / ABM INDUSTRY GROUP LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

March 21, 2025

Jane Doe
135 S Jackson St. Suite 203
Glendale, CA 91205

RE:    **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202503-28633621
Right to Sue: Doe / ABM INDUSTRY GROUP LLC et al.

Dear Jane Doe:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective March 21, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
Civil Rights Department
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Jane Doe                                              CRD No. 202503-28633621

                          Complainant,

vs.

ABM INDUSTRY GROUP LLC
14141 Southwest FWY Suite 477
Sugar Land, TX 77478

Diam Dileyva
8631 3rd Street
West Hollywood, CA 90048

ABM INDUSTRIES INCORPORATED
One Liberty Plaza 7th Floor
New York, NY 10006

Gabriel Zamoran
8631 3rd Street
West Hollywood, CA 90048

Lisa Doe
8631 3rd Street
West Hollywood, CA 90048

                          Respondents

1. Respondent **ABM INDUSTRY GROUP LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Diam Dileyva** individual as Co-Respondent(s).
Complainant is naming **ABM INDUSTRIES INCORPORATED** business as Co-Respondent(s).
Complainant is naming **Gabriel Zamoran** individual as Co-Respondent(s).
Complainant is naming **Lisa Doe** individual as Co-Respondent(s).

3. Complainant **Jane Doe**, resides in the City of **Glendale**, State of **CA.**

-1-
*Complaint – CRD No. 202503-28633621*

Date Filed: March 21, 2025

1

2    **4.** Complainant alleges that on or about **June 23, 2023**, respondent took the
following adverse actions:

3
4    **Complainant was harassed** because of complainant's sex/gender, other, sexual
harassment.

5    **Complainant was discriminated against** because of complainant's sex/gender, other and
as a result of the discrimination was asked impermissible non-job-related questions, other.

6
7    **Additional Complaint Details:**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                    -2-

27
Date Filed: March 21, 2025

28

CRD-ENF 80 RS (Revised 2025/02)

1    VERIFICATION

2    I, **Ronald Yoosefian**, am the **Attorney** in the above-entitled complaint.  I have read
3    the foregoing complaint and know the contents thereof. The matters alleged are based
     on information and belief, which I believe to be true. The matters alleged are based
4    on information and belief, which I believe to be true.

5    On March 21, 2025, I declare under penalty of perjury under the laws of the State of
     California that the foregoing is true and correct.
6

7                                                                  **Glendale California**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          -3-
                              *Complaint – CRD No. 202503-28633621*
27
     Date Filed: March 21, 2025
28
                                              CRD-ENF 80 RS (Revised 2025/02)